FILED
2007 SEP 25 AM 9:10
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ-TINAJERO,<br><br>      Defendant-Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | CASE NO. 06-CV-2497 W<br>              03-CR-2144 W<br><br>**ORDER DENYING**<br>**PETITION FOR WRIT OF**<br>**HABEAS CORPUS** |

On November 3, 2006 Petitioner Jose Hernandez-Tinajero ("Petitioner"), a federal prisoner proceeding *pro se*, commenced this Section 2255 habeas corpus proceedings. Respondent United States of America ("Respondent") opposes. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the petition.

//
//

I. BACKGROUND

On July 2, 2003, Petitioner was arrested at the San Ysidro Port of Entry after attempting to enter the United States without the consent of the United States Attorney General or his designated successor. On July 7, 2003 Respondent filed a one-count information charging Petitioner with violation of 8 U.S.C. §1326, Attempted Entry After Deportation.

On August 19, 2003, Petitioner pled guilty before the Judge Howard B. Turrentine to the information pursuant to a signed written plea agreement. Petitioner was sentenced to ten months in custody and three years supervised release.

On August 6, 2006, this Court revoked Defendant's supervised release and sentenced him to eight months in custody, to run consecutive to any other sentence Petitioner may be serving. On November 3, 2006, Petitioner commenced this Section 2255 habeas corpus proceeding.[1]

II. DISCUSSION

Petitioner seeks habeas relief on two grounds: (1) ineffective assistance of counsel; and (2) imposition of three years of supervised release under 18 U.S.C. § 3583 was unconstitutional. In response, Respondent contends that Petitioner's habeas request is procedurally flawed. For the following reasons, this Court agrees.

    A.   PETITIONER WAIVED THE RIGHT TO APPEAL OR COLLATERALLY ATTACK HIS CONVICTION AND SENTENCE

First, Petitioner waived his right to collaterally attack his sentence in the plea agreement. Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will

---

[1] On November 3, 2006, Petitioner filed an objection to the imposition of supervised release. Then on November 8, 2006, Petitioner filed an "Opening Brief" in support of the objection.

enforce a Petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. <u>United States v. Nunez</u>, 223 F.3d 956, 958 (9th Cir. 2000).

First, a valid waiver requires that the Petitioner agreed to its terms knowingly and voluntarily. <u>See</u> <u>id</u>. A reviewing court looks to the circumstances that surround the plea agreement's signing and entry to determine whether a defendant agreed to its terms knowingly and voluntarily. <u>See</u> <u>United States v. Baramdyka</u>, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, Petitioner entered into the plea agreement with his attorney's advice and consent. (Doc. No. 26, Ex. 1 at 3.) Petitioner represented that his plea was knowing and voluntary. (<u>Id</u>. at ¶¶1, 11.) Petitioner also represented that he was satisfied with his attorney's performance. (<u>Id.</u> at ¶11.) Moreover, at the disposition, Petitioner again confirmed his understanding that he was waiving "the right to appeal or collaterally attack [his] sentence." (<u>Id.</u> at Ex. 2 at 4.) Thus, the Court concludes that Petitioner knowingly and voluntarily agreed to waive his right to appeal or collaterally attack his sentence.

Second, a valid waiver must also explicitly state that Petitioner is waiving his right to appeal. <u>See</u> <u>Nunez</u>, 223 F.3d at 958. A reviewing court applies contract principles, including the parole evidence rule. <u>See</u> <u>United States v. Ajugwo</u>, 82 F.3d 925, 928 (9th Cir. 1996). Under the parole evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence... to interpret... the terms of an unambiguous written instrument." <u>Wilson v. Arlington Co. v. Prudential Ins. Co. Of Am.</u>, 912 F.2d 366, 370 (9th Cir. 1990).

Here, the plea agreement explicitly states that in "exchange for the Government's concessions, the defendant . . . waives the right to appeal or collaterally attack the plea, conviction or sentence. . . ." (Doc. No. 26, Ex. 1 at ¶ 2.) The agreement also confirms that Petitioner understood he was pleading guilty to a charge that carries a "maximum penalty of twenty years' imprisonment, a $250,000 fine,

1  supervised release of not more than three years and a mandatory $100 penalty
2  assessment." (Id. at ¶ 1.) The Government, however, agreed to recommend–and the
3  Petitioner received–a sentence of 10 months imprisonment followed by three years
4  supervised release. (Id. at ¶5) Because Petitioner's sentence was within the statutory
5  maximum spelled out in the plea agreement, the terms of his agreement bar this
6  collateral attack. The Court is, therefore, prevented from granting the habeas relief
7  requested.

### B.  PETITIONER'S HABEAS REQUEST IS UNTIMELY

Even if the terms of Petitioner's plea agreement did not bar his petition, the Court concludes that it is time-barred. The AEDPA provides that a Section 2255 habeas petition must be filed within one year from the date the conviction becomes final. 28 U.S.C. § 2255 (1). In the present case, Petitioner's conviction became final shortly after August 19, 2003–the date Judge Turrentine entered Petitioner's judgment and conviction. (Doc. No. 26, Ex. 2.) Thus, the one-year limitations period expired on August 19, 2004, more than two years before Petitioner commenced this habeas proceeding. Even allowing for the ten days Petitioner had to file a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1)(A) and the time between his delivery of the petition to prison officials and its filing, the limitations period had run long before Petitioner filed this petition.

Petitioner does not contend that he is entitled to equitable tolling, nor does he present any facts which could support such a claim.[2] As such, Petitioner's habeas request is barred by AEDPA's one-year limitations period.

//
//

---

[2] The federal habeas limitations period is equitably tolled only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). This doctrine applies only when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." Id.

### III. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's petition for writ of habeas corpus (Doc. No. 18). The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATE: September 24, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC: ALL PARTIES AND COUNSEL OF RECORD